UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>FIROZ PATEL,<br><br>   *Defendant*. | No. 23-cr-166 (DLF) |

**DEFENDANT'S MOTION TO TRANSFER RELATED CASE**

Defendant Firoz Patel ("Mr. Patel") by and through undersigned counsel, respectfully notifies this Court and all parties pursuant to Local Criminal Rule 57.12 that the instant case, *United States v. Firoz Patel*, No. 23-cr-166 (D.D.C.) (hereinafter "*United States v. Patel*"), is related to a separate criminal action in the District Court for the District of Columbia, *United States v. MH Pillars Ltd. et al.*, No. 1:18-cr-00053 (D.D.C.) (hereinafter, "*MH Pillars*"). Mr. Patel also respectfully moves this Court to transfer *United States v. Patel* to the Calendar Committee for reassignment to Judge Randolph Moss, to whom *MH Pillars* is assigned. In support of his Motion, Mr. Patel states the following.

I. **Relevant Factual Background**

The present matter stems from the Government's prosecution of Mr. Patel in the District Court for the District of Columbia in March 2018 – *MH Pillars*. In that case, Mr. Patel, his brother, Ferhan Patel,[1] and their company, MH Pillars Ltd., were indicted on various charges. *MH Pillars*, ECF 1. MH Pillars Ltd. represented the U.K. branch of the Patels' multinational money services

---

[1] This filing will refer to Mr. Firoz Patel by his full name, "Defendant," or "Mr. Patel." Ferhan Patel will be identified by his full name or his first name.

1

business, branded Payza. *See generally id.*, ECF 1. The Government alleged that Firoz and Ferhan Patel "knowingly conspired to operate unlicensed money transmission businesses which transmitted over $250,000,000 throughout the United States and elsewhere." *Id.* at 8. Mr. Patel pleaded guilty to one count of Conspiracy under 18 U.S.C. § 371 and was sentenced to 36 months of imprisonment. *United States v. Patel*, ECF 11 at 3. As part of his sentence, Mr. Patel agreed to forfeit $4,620,459.45 in funds seized from Payza. *Id.*

In the present matter, the Government alleges that on April 27, 2021, while awaiting self-surrender in *MH Pillars*, Mr. Patel transferred 450 Bitcoin, allegedly derived from Payza's operations,[2] between two cryptocurrency accounts. *See* ECF 18 at 3; *see also* ECF 5 (Indictment). The Government contends that Mr. Patel conducted this transaction in order to "conceal and shield those Payza-dervied funds from forfeiture in his criminal case," – i.e., *MH Pillars*. ECF 11 at 2. The Government further alleges that Mr. Patel concealed his identity in engaging in this transaction, although the Government does not allege that he concealed his ownership of the transferring account.

In spring of 2021, Mr. Patel traveled from Canada to the U.S. to self-surrendered and serve the sentence imposed in *MH Pillars*. While Mr. Patel was incarcerated, the Judge presiding over his case – now Justice Ketanji Brown Jackson – was appointed to the Circuit Court of Appeals for the D.C. Circuit. As a result, on October 31, 2022, *MH Pillars* was randomly re-assigned to Judge Randolph D. Moss.

---

[2] Mr. Patel disputes that these assets were forfeitable under the District Court's Final Forfeiture Order.

On October 24, 2022, Mr. Patel filed a Motion for Compassionate Release or Reduction of Sentence.[3] *Id.*, ECF 152. Mr. Patel was released from Bureau of Prisons custody in April 2023, at which time he was transferred to U.S. Immigration and Customs Enforcement ("ICE") custody for transportation back to Canada. On April 14, 2023, Mr. Patel filed a Motion to Vacate his conviction in *MH Pillars*, pursuant to 28 U.S.C. § 2255. ECF 161. Litigation of that Motion is still ongoing before Judge Moss.

The Government initiated the present case only after Appellant's release from custody was imminent. On April 25, 2023, while Mr. Patel was in ICE custody, the Government filed a criminal complaint, ECF 1, and Mr. Patel was detained. A grand jury returned a sealed indictment on May 11, 2023. ECF 5.

## II.   Discussion

Generally, all new cases filed in the District Court for the District of Columbia are randomly assigned. *Singh v. McConville*, 187 F.Supp.3d 152, 155 (D.D.C. 2016). "The local rules contain an exception, however, in the interest of judicial economy, for 'related cases.'" *Id.* (citing *Tripp v. Exec. Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000)). This exception is premised on the principle that in some circumstances, "the interests of judicial economy served by the related case rule . . . outweigh the fundamental interests served by the random assignment rule." *Doe v. Von Eschenback*, No. 06-cv-2131, 2007 WL 1655881, at *1 (D.D.C. June 7, 2007). The exception is particularly applicable when two cases involve "virtually identical and highly overlapping issues of fact." *Committee on Judiciary v. McGahn*, 391 F.Supp.3d 116, 121 (D.D.C. 2019).

---

[3] On July 12, 2023, the Court denied Mr. Patel's Motion for Compassionate Relief as Moot. However, given Mr. Patel's ongoing incarceration, he intends to appeal the Court's decision.

Under Local Rule 57.12, two criminal cases are deemed related when "more than one indictment is filed **or** pending against the same defendant or defendants." LCrR 57.11(a)(1) (emphasis added). When a case is deemed "related" to another criminal case, Local Rule 57.12(c)(2) provides the appropriate procedure for the transfer and assignment of the related case:

> Where the existence of related cases in this Court is revealed after the cases are assigned, the judge having the later-numbered case may transfer that case to the Calendar and Case Management Committee for reassignment to the judge having the earlier case. If the Calendar and Case Management Committee finds that good cause exists for the transfer, it shall assign the case to the judge having the earlier case. If the Calendar and Case Management Committee finds that good cause for the transfer does not exist, it may return the case to the transferring judge.

LCrR 57.12 (c)(2).

The language of the parallel civil rule provides guidance as to the interpretation of Local Rule 57.12. Local Rule 40.5(a)(3), which addresses the designation of related civil cases, provides that civil cases are related when "the earliest is still **pending on the merits** in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). In that rule, the "pending on the merits" language applies to all sub-categories of potential related cases. By contrast, the language of the criminal rule is more narrow:

> Criminal cases are deemed related when (i) a superseding indictment has been filed, or (ii) more than one indictment is filed **or** pending against the same defendant or defendants, or (iii) prosecution against different defendants arises from a common wiretap, search warrant, or activities which are a part of the same alleged criminal event or transaction. A case is considered pending until a defendant has been sentenced.

LCrR 57.12 (emphasis added). Thus, unlike its civil equivalent, the rule for related criminal cases does not require that the earlier case be "pending on the merits" to warrant transfer and reassignment. *See* LCrR 57.12 (a)(3). To the contrary, the language of the rule explicitly uses the disjunctive conjunction, "or." *In re Epsy*, 80 F.3d 501, 505 (D.C. Cir. 1996) (quoting *United States*

4

*v. Behnezhad*, 907 F.2d 896, 898 (9th Cir. 1990)) ("[A] statute written in the disjunctive is generally 'construed as setting our separate and distinct **alternatives**.'") (emphasis in original).

Under these standards, *United States v. Patel* should be transferred to the Calendar and Case Management Committee and subsequently assigned to Judge Randolph D. Moss – the Judge currently presiding over *MH Pillars*.[4] Here, two separate indictments have been filed against Mr. Patel: (1) the indictment filed in *MH Pillars* on March 18, 2018; and (2) indictment filed in relation to the instant case, *United States v. Patel*, on May 11, 2023. Accordingly, these criminal actions are related to one another within the meaning of LCrR 57.12(a)(1). Furthermore, litigation in *MH Pillars* is still ongoing. Indeed, the most recent docket entry in that case was entered on July 12, 2023.

Additionally, given the interconnectedness of the law and facts involved in both cases, the interests of judicial economy will be served by the assignment of *United States v. Patel* to Judge Moss. *Tripp*, 196 F.R.D. at 202. ("It will often prove wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out the same event or transaction."); *see also Brooks v. Rosebar*, Adv. Pro. 20-10011-ELG, 2023 WL 2697939, at *9 n.81 (Bankr. D.D.C. Mar. 29, 2023) (quoting Black's Law Dictionary (11th ed. 2019)) (defining judicial economy as "the efficient management of litigation so as to minimize duplication of effort and to avoid wasting the judiciary's time and resources."). For example, in this case, the Bitcoin Mr. Patel is accused of unlawfully transferring was allegedly "derived from Payza's operations," which were at the center of the allegations underlying *MH Pillars*. ECF 11 at 2. Indeed, Mr. Patel's conviction in the instant matter depends upon whether the Bitcoin at issue

---

[4] The instant Motion is timely given the lack of substantial litigation that has taken place. The Motion was filed following the parties' litigation of Mr. Patel's pre-trial release – a matter that does not directly implicate the substantive issues underlying the instant criminal case.

constituted assets derived from Payza's U.S. based operations – a prerequisite to the assets' forfeiture pursuant to the District Court's Final Forfeiture Order. *Id.*, ECF 136. Determination of this issue – i.e., whether the funds were derived from Payza and/or the company's U.S.-based operations – largely depends upon the facts underlying the prosecution in *MH Pillars*. Under such circumstances, transfer of the case to Judge Moss is warranted. *Clifford v. United States*, 136 F.3d 144, 148 (D.C. Cir. 1998) (citing former Local Cr. R. 405, which is identical to the current Local Cr. R. 57.12(a)(1)) ("As a matter of court management and efficiency, the assignment of related matters to a single judge is preferred.").

### III. Conclusion

For the foregoing reasons, Mr. Patel respectfully requests that this Court transfer *United States v. Patel* to the Calendar Committee for reassignment to Judge Randolph Moss, to whom *MH Pillars* was assigned.

Dated: July 18, 2023

Respectfully submitted

*/s/ A. Jeff Ifrah*
A. Jeff Ifrah (D.C. Bar No. 456661)
Jacob F. Grubman (D.C. Bar No. 1510784)
1717 Pennsylvania Ave. NW
Ste. 650
Washington, D.C. 20010
(202) 524-4140
jeff@ifrahlaw.com
jgrubman@ifrahlaw.com

*Counsel for Defendant Firoz Patel*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 18th day of July 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, which sent a notification of such filing to counsel of record in this matter.

Dated: July 18, 2023                             */s/ A. Jeff Ifrah*
                                                                A. Jeff Ifrah