UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| v. | : Criminal No. 23-cr-166 (DLF) |
| **FIROZ PATEL,** | : |
| **Defendant.** | : |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER CASE**

COMES NOW, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, and respectfully submits this opposition to the defendant's motion to transfer this case because it is allegedly related to the defendant's prior case. The case at bar is not "related" to the defendant's prior case because at the time the grand jury issued the indictment in this case, the defendant had been sentenced in his prior case and therefore, pursuant to the definition of "Related Cases" in Local Criminal Rule 57.12, the prior case was no longer pending.

The relevant facts for this motion are as follows:

1) On March 8, 2018, the defendant, his brother and the defendant's company, MH Pillars Ltd., doing business as Payza, were indicted on a variety of charges for operating an unlicensed money service business in the United States.

2) On July 16, 2020, all three defendants pled guilty to a Criminal Information that charged the offense of Conspiracy to Commit Offenses Against the United States, in violation of Title 18, United States Code, Section 371.

3) On November 10, 2020, all three defendants were sentenced.

4) On June 11, 2021, the defendant self-surrendered to the United States Bureau of

      Prisons.

5) On May 11, 2023, the defendant was indicted in the case at bar for a brand new act of money laundering that occurred after he had been sentenced.

Local Criminal Rule 57.12 (a)(1) defines a "related case" as follows:

> Criminal cases are deemed related when (i) a superseding indictment has been filed, or (ii) more than one indictment is filed or pending against the same defendant or defendants, or (iii) prosecution against different defendants arises from a common wiretap, search warrant, or activities which are a part of the same alleged criminal event or transaction. **A case is considered pending until a defendant has been sentenced.**

LCrR 57.12(a) (emphasis added). In the case at bar: 1) the pending indictment is not a superseding indictment; 2) more than one indictment is not filed or pending against the defendant; and 3) this case does not involve different/multiple defendants and does not arise from a common wiretap, search warrant or activities that are part of the same alleged criminal event or transaction. Most importantly, the defendant had been sentenced in his prior case prior to the time that the grand jury issued its indictment in the current case, and therefore his prior case was no longer "pending" for purposes of this rule. As such, the two cases are not "related."

      The defendant relies on the fact that the *MH Pillars* docket was reassigned *after* sentencing to Judge Moss for purposes of adjudicating the defendant's post-conviction claims, including his motion for compassionate release and his § 2255 motion. But Local Criminal Rule 57.12(a)(1) explicitly draws the line at sentencing ("until a defendant has been sentenced"). It would run contrary to the plain text of the Local Rule to deem two cases "related" after the first case has been sentenced. The defendant also emphasizes the word "filed" in the Local Rule, but if that word were construed as the defendant argues—to deem cases related as long as another indictment has been "filed" against the defendant at any point in history, regardless of whether the earlier indictment indictment has been sentenced or not—that would swallow the limit carefully written

into the Local Rule that "[a] case is considered pending until a defendant has been sentenced." LCrR 57.12(a)(1).

Nor do the two cases "arise[]" out of "the same alleged criminal event or transaction." LCrR 57.12(a)(1).  This case arises out of a brand new act of money laundering that occurred after he was convicted and sentenced in the *MH Pillars* case.  It involves a distinct money laundering transaction and a separate scheme to conceal criminal proceeds from the *MH Pillars* conspiracy.  To be sure, the *MH Pillars* conspiracy provides some of the background circumstances for the defendant's new conduct in this case, but the same could be said about the underlying felony conviction in a felon-in-possession case.  Indeed, some degree of factual overlap is inevitable in any trial of a repeat offender such as the defendant.  But under the plain text of Local Criminal Rule 57.12(a), the defendant's new laundering conduct is not the same "criminal event or transaction" as the *MH Pillars* conspiracy.  The defendant's motion should be denied.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: */s/ Arvind K. Lal*
Arvind K. Lal, D.C. Bar No. 389496
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7688 (Lal)
Arvind.Lal@usdoj.gov