**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : |
| **v.** | : **Criminal No. 23-cr-166 (RMM/DLF)** |
| **FIROZ PATEL,** | : |
| **Defendant.** | : |

## GOVERNMENT'S MOTION TO APPOINT CONFLICT COUNSEL FOR THE DEFENDANT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this motion to appoint conflict counsel for the defendant. The undersigned have consulted with counsel for the defendant and have been advised that defense counsel is not sure of what position they will take before reviewing this motion. In support of its motion, the government states as follows:

## FACTUAL BACKGROUND

On March 18, 2018, a federal grand jury in the District of Columbia returned an indictment against MH Pillars Ltd., d/b/a Payza, Firoz Patel, and Ferhan Patel, on charges of Conspiracy, in violation of 18 U.S.C. § 371; Operating an Unlicensed Money Transmission Business, in violation of 18 U.S.C. § 1960(a); Conspiracy To Launder Monetary Instruments, in violation of 18 U.S.C. § 1956(h); and Money Transmitting Without a License, in violation of D.C. Code § 26-1001. *See United States v. MH Pillars Ltd., et al.*, No. 18-cr-53, ECF No. 1 (Indictment). The charges in the indictment arose from Payza's transmission of funds with intent to promote the carrying on of unlicensed money transmission and illegal wire fraud schemes, such as pyramid schemes and Ponzi schemes; and from Payza's operation in the District of Columbia without the necessary D.C. money transmitting license.

On July 16, 2020, the defendant Firoz Patel entered a guilty plea pursuant to a written plea agreement to a Superseding Information charging one count of Conspiracy under 18 U.S.C. § 371, with objects including operating an unlicensed money transmitting business and international promotional money laundering, in violation of 18 U.S.C. § 1960 and 18 U.S.C. § 1956(a)(2)(A). *MH Pillars Ltd.*, No. 18-cr-53, ECF No. 81 (Information). As part of his plea agreement, the defendant agreed to forfeiture of more than $4.6 million in seized "Payza funds," and to "any property, real or personal, involved in the offense to which [the defendant] was pleading guilty." *MH Pillars Ltd.*, No. 18-cr-53, ECF No. 90 (Plea Agreement), at 11; *see* 18 U.S.C. § 982(a)(1) (providing for forfeiture of "any property, real or personal, involved in" any violation of 18 U.S.C. §§ 1956, 1957, or 1960). The defendant also promised "to take all necessary actions to identify all assets over which [he] exercises or exercised control, directly or indirectly, at any time since November 2012 or in which your client has or had during that time any financial interest." *MH Pillars Ltd.*, No. 18-cr-53, ECF No. 90, at 12.

On November 10, 2020, defendant Firoz Patel was sentenced to 36 months of imprisonment for his role in operating Payza, an illegal online money transmitting business responsible for transmitting more than $250 million in transactions. As part of his sentence, the defendant agreed to forfeit $4,620,459.45 in funds seized from Payza, as well as "any property, real or personal," that was "involved in" the operation of Payza. The defendant eventually self-surrendered to prison on June 11, 2021. But in the period between his sentencing and self-surrender, on April 27, 2021, the defendant transferred exactly 450 Bitcoin (BTC) derived from Payza's operations—valued at $24,020,699.83 at the time—into a sham account opened under his father's name. The defendant did so in order to conceal and shield those Payza-derived funds from forfeiture in his criminal case while he served his sentence.

In the earlier case, the defendant was represented by Danny Onorato of Schertler Onorato Mead & Sears, LLP and his brother Ferhan Patel was represented by A. Jeff Ifrah and James Trusty of Ifrah, PLLC.  In the case at bar, the defendant retained the services of Ifrah, PLLC to represent him in connection with the detention/bail proceedings.  The defendant now seeks to have Ifrah, PLLC represent him for the remainder of the case as well. That representation creates a potential conflict of interest that may ripen into an actual conflict of interest.

Despite having pled guilty in the underlying case, the defendant has filed a 2255 motion against his former defense counsel. *MH Pillars Ltd.*, No. 18-cr-53, ECF No. 161.

The defendant is now charged in the case at bar with the laundering of the proceeds of the illegal conduct that he pled guilty to.  The government's investigation is on-going and it is possible that the grand jury may indict other individuals.  It is also possible that certain individuals, if they are not indicted, may be called as witnesses in the litigation of this matter.  In the event that either of those eventualities happens, representation of the defendant by his current counsel may present a conflict of interest.

Both the defendant and his brother have executed a waiver of the potential conflict in this case. *See* Attachment hereto. However, the current version of that document involves representation of the defendant "in connection with bail proceedings in *United States v. [Firoz] Patel*, No. 1:23-mj—00087 (D.D.C.)."  The defendant now seeks to have the firm of Ifrah, PLLC represent him in the entire case, as opposed to just the "bail proceedings." Therefore, at a minimum, the defendant and his brother need to execute a new waiver that covers the entire case, and not just the "bail proceedings."  In addition, the waiver states that, "the present representation of Firoz Patel pertains to proceedings relating to funds that, according to the Government, were not at issue in Ferhan Patel's case."  That statement is not correct.  While the defendant has

represented that the 450 BTC are not related to the underlying criminal conduct to which he and his brother pled guilty to, the government disagrees. In contrast, the government has alleged that the 450 BTC is in fact traceable to the conduct of Firoz Patel, Ferhan Patel, and their company, MH Pillars Ltd, dba Payza. Consequently, the two case are substantially related.

**<u>THE D.C. RULES OF PROFESSIONAL CONDUCT</u>**

Rule 1.9 of the D.C. Rules of Professional Conduct is titled "Conflict of Interest: Former Client" and provides as follows:

> A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent.

The relevant comments to that rule are as follows:

1. After termination of client-lawyer relationship, a lawyer may not represent another client except in conformity with the Rule. The principles in Rule 1.7 determine whether the interests of the present and former client are adverse.

2. The scope of a "matter" for purposes of this rule may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree.

3. Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter.

4. Disqualification from subsequent representation is for the protection of clients and can be waived by them. A waiver is effective only if there is disclosure of the circumstances, including the lawyer's intended role on behalf of the new client.

D.C. R. Prof'l Conduct 1.9.

Informed consent is defined in Rule 1.0(e) as "denot[ing] the agreement by a person to a proposed course of conduct after the lawyer has communicated adequate information and explanation about the material risks of and reasonably available alternatives to the proposed

course of conduct. D.C. R. Prof'l Conduct 1.0(e). There can be no question that during the course of representing Ferhan Patel in the earlier case, the Ifrah law firm obtained confidential information abut Ferhan Patel. If Ferhan Patel were to be charged in this case or be called as a witness in this case, it would create a potential, if not an actual conflict of interest for defense counsel. As noted above, matters are 'substantially related' for purposes of Rule 1.9 if they involve the same transaction or legal dispute. In addition, matters also can be substantially related for Rule 1.9 purposes if "there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation [of Ferhan Patel] would materially advance the [Firoz Patel's] position in the subsequent matter [the instant case]." Given that the BTC that was transferred came from the illegal conduct of the defendant and his brother the earlier case, the matters are substantially related.

The interests of Firoz Patel are also potentially "materially adverse" to those of Ferhan Patel in this case. In the context of material adversity to a former client, the Eighth Circuit concluded that, "a fact-specific analysis is required in order to evaluate the degree to which the current representation may actually be harmful to the former client. This analysis focuses on whether the current representation may cause legal, financial, or other identifiable detriment to the former client." *Zerger & Mauer LLP v. City of Greenwood*, 751 F.3d 928, 933 (8th Cir. 2014) (citations and internal quotation marks omitted); *see also* ABA Formal Op. 21-497 (Feb. 10, 2021) (the circumstances that may lead to a finding of material adversity include suing or negotiating against a former client, the lawyer attacking their own prior work, examining a former client; however, "generalized financial harm or a claimed detriment that is not accompanied by demonstrable harm to the former or prospective client's interests" typically is insufficient). Here, if Ferhan Patel and Firoz Patel are co-defendants and/or Ferhan Patel could

be a witness or obtain some benefit from testifying or providing information against Firoz Patel (or vice versa), then it is likely that they are materially adverse. If so, Ifrah law firm would have a conflict of interest under Rule 1.9 that would prohibit them from representing Firoz Patel.

Ifrah, PLLC has a duty of confidentiality to its former client Ferhan Patel and its current client, Firoz Patel. Another issue is whether that duty results in a second conflict of interest that would prohibit Ifrah, PLLC from representing Firoz Patel. D.C. Rule 1.6 provides in relevant part: "Except when permitted under paragraph (c), (d), or (e), a lawyer shall not knowingly: (1) reveal a confidence or secret of the lawyer's client; (2) use a confidence or secret of the lawyer's client to the disadvantage of the client; (3) use a confidence or secret of the lawyer's client for the advantage of the lawyer or of a third person." D.C. R. Prof'l Conduct 1.6(a). This obligation extends to former clients. *See* D.C. R. Prof'l Conduct 1.6(g) ("The lawyer's obligation to preserve the client's confidences and secrets continues after termination of the lawyer's employment."); *see id.* cmt. 29. The rule specifies two categories of confidential information: confidences and secrets. A *confidence* is "information protected by the attorney-client privilege under applicable law." D.C. R. Prof'l Conduct 1.6(b). A *secret* is "other information gained in the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing, or would be likely to be detrimental, to the client." *Id.* The duty of confidentiality "applies not merely to matters communicated in confidence by the client (i.e., confidences) but also to all information gained in the course of the professional relationship that the client has requested be held inviolate, or the disclosure of which would be embarrassing or would be likely to be detrimental to the client (*i.e.,* secrets)." D.C. R. Prof'l Conduct 1.6 cmt. 8.

A lawyer shall not knowingly disclose or misuse a client's confidential information except as provided in Rule 1.6(c), (d), or (e). One exception is with the informed consent of the

former client. *See* D.C. R. Prof'l Conduct 1.6(e)(1). Another is when required by law or a court order. *Id.* R. 1.6(e)(2)(A). The other exceptions do not appear relevant. A lawyer's duty of confidentiality to a former client may result in a conflict of interest with respect to the representation of a current client, *e.g.*, if the confidential information would advance the current client's interests, but the lawyer is unable to use or disclose it. The relevant conflict rule states:

> Except as permitted by paragraph (c) below, a lawyer shall not represent a client with respect to a matter if . . .
>
> the lawyer's professional judgment on behalf of the client will be or reasonably may be adversely affected by the lawyer's responsibilities to or interests in a third party or the lawyer's own financial, business, property, or personal interests.

D.C. R. Prof'l Conduct 1.7(b)(4) (emphasis added). The commentary explains: "A conflict of interest exists . . . if there is a significant risk that a lawyer's action on behalf of one client in a given matter, as referred to in Rule 1.7(b), will adversely affect the lawyer's effectiveness in representing another client in the same or different matter." D.C. R. Prof'l Conduct 1.7 cmt. 15.

In this case if Ifrah, PLLC's professional judgment on behalf of Firoz Patel would be or reasonably could be adversely affected by Ifrah, PLLC's responsibilities to Ferhan Patel, then there is a potential Rule 1.7 issue. Here, it seems clear that Ifrah, PLLC possesses Ferhan Patel's confidential information from the prior representation. If Ferhan Patel does not consent to the disclosure of his confidential information and Ifrah, PLLC's inability to use or disclose that information would adversely affect Ifrah, PLLC's representation of Firoz Patel, then Ifrah, PLLC would have a Rule 1.7(b)(4) conflict with respect to Firoz Patel. However, it may be difficult for Firoz Patel to provide "informed consent" if Ferhan Patel does not permit any disclosure of his confidential information. The same is true if Firoz Patel does not consent to provide enough information to Ferhan Patel to allow for an informed consent or waiver. This highlights the question of the sufficiency of the waiver/consent that has been provided and underscores the

need for the Court to review the matter and for conflicts counsel to be confident that the waiver is sufficient. Assuring that the consent and waiver are effectuated properly is in the best interests of the Court and the parties to preserve the integrity of this case.

## **APPLICABLE LEGAL PRINCIPLES**

The Sixth Amendment's right to counsel for the accused in criminal cases encompasses "the right of a defendant who does not require appointed counsel to choose who will represent him." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). A defendant's right to counsel of choice is not absolute and "'is circumscribed in several important respects.'" *Id*. (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)). A trial court has wide latitude in balancing the right to counsel of choice with the needs of fairness. *Gonzalez-Lopez*, 548 U.S. at 152. Although a trial court "must recognize a presumption in favor of [a defendant's] counsel of choice, ... that presumption may be overcome not only by a demonstration of actual conflict [of interest], but by a showing of a serious potential for conflict." *Wheat*, 486 U.S. at 164.

"A court confronted with and alerted to a possible conflict of interest must take adequate steps to ascertain whether the conflicts warrant separate counsel." *Wheat*, 486 U.S. at 160. "Where a court justifiably finds an actual conflict of interest, there can be no doubt that it may decline a proffer of waiver, and insist that defendants be separately represented. . . . Accordingly, a district court must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict as the trial progresses." *Id*. at 162-163.

In *United States v. Lopesierra-Gutierrez*, 708 F,3d 193 (D.C. Cir. 2013), the defendant waived a potential conflict that his counsel had because that counsel had received money from a

government cooperator. The District Court held two status conferences on the matter. At the second status conference, the defendant was represented by appointed conflicts counsel who along with defendant's counsel and the government agreed that the defendant could waive any conflict of interest. The Court allowed the defendant to proceed with his counsel of choice. The defendant was convicted and on appeal alleged that his Sixth Amendment right to have counsel that was free from a conflict of interest had been violated. *Id*. at 198-199. In rejecting the defendant's argument, the Circuit Court noted that in addition to the Sixth Amendment rights to counsel of choice and conflict-free representation, the Court also has its "own institutional interests, as guaranteeing conflict-free counsel protects not just defendants' rights, but also the '[f]ederal courts['] ... independent interest in ensuring that criminal trials are conducted within the ethical standards of the [legal] profession and that legal proceedings appear fair to all who observe them.'" *Id*. at 200. The Court concluded that it could reject a conflict waiver from a defendant if it would affect the integrity of the proceedings. "In making this determination, a court balances the defendant's right to choose his representative against both the defendant's countervailing right to conflict-free representation and the court's independent interest in the integrity of criminal proceedings." *Id*. That determination is based on the nature and extent of the conflict.

Pursuant to the procedure approved by the D.C. Circuit in *Lopesierra-Gutierrez*, the government thus moves for the appointment of conflict counsel to independently advise the defendant of the risks of proceeding with his current counsel of choice.

Also of relevance is Rule 44(c) of the Federal Rules of Criminal Procedure, which provides as follows:

(c) Inquiry Into Joint Representation.

(1) Joint Representation. Joint representation occurs when:

(A) two or more defendants have been charged jointly under Rule 8(b) or have been joined for trial under Rule 13; and

(B) the defendants are represented by the same counsel, or counsel who are associated in law practice.

(2) Court's Responsibilities in Cases of Joint Representation. The court must promptly inquire about the propriety of joint representation and must personally advise each defendant of the right to the effective assistance of counsel, including separate representation. Unless there is good cause to believe that no conflict of interest is likely to arise, the court must take appropriate measures to protect each defendant's right to counsel.

Although there are no co-defendants in the case at the moment, the spirit of this rule supports the government's motion for the appointment of a separate conflicts counsel in this matter and for the Court to make a detailed inquiry.

**CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court grant the government's motion to appoint an independent conflicts counsel to advise the defendant and to conduct its own separate inquiry.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

BY: */s/ Arvind K. Lal*
Arvind K. Lal, D.C. Bar No. 389496
Christopher B. Brown, D.C. Bar No. 1008763
Assistant United States Attorneys
U.S. Attorney's Office for the District of Columbia
601 D Street, N.W.
Washington, D.C. 20530
(202) 252-7688 (Lal)
Arvind.Lal@usdoj.gov