United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3082**                                                   **September Term, 2022**

1:23-cr-00166-DLF-1

**Filed On:** August 8, 2023

United States of America,

      Appellee

    v.

Firoz Patel,

      Appellant

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

    **BEFORE:**    Henderson, Walker, and Garcia, Circuit Judges

**J U D G M E N T**

    This appeal was considered on the record from the United States District Court for the District of Columbia and the memoranda of law and fact filed by the parties. The court has determined that the issues presented occasion no need for an opinion. See D.C. Cir. Rule 36. It is

    **ORDERED AND ADJUDGED** that the district court's May 31, 2023 order granting the government's motion for revocation of the magistrate judge's release order and ordering appellant detained pending trial be affirmed. Appellant has not demonstrated that the court clearly erred in finding that no condition or combination of conditions would reasonably assure his appearance as required. See United States v. Hale-Cusanelli, 3 F.4th 449, 454-55 (D.C. Cir. 2021); 18 U.S.C. § 3142(e).

    The district court did not clearly err in finding that appellant's history and characteristics favored detention. See id. § 3142(g)(3). Appellant acknowledges that his Canadian citizenship and residency weigh against his release. Furthermore, while he challenges the court's determination that he has access to substantial cryptocurrency resources, the government's representations concerning the matter were based on the blockchain analysis conducted during the investigation, not mere speculation. Appellant also emphasizes that he was released and complied with his appearance obligations in a prior criminal case. However, he was on release in the

# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

_____

**No. 23-3082**  **September Term, 2022**

prior case at the time of the offenses at issue here, and deceit and willingness to defy the court support detention.  See id. § 3142(g)(3)(B); United States v. Berkun, 392 Fed. Appx. 901, 903 (3d Cir. 2010).  Furthermore, if convicted of the instant offenses, appellant faces a substantial prison term that weighs in favor of detention, see United States v. Brennerman, 705 Fed. Appx. 13, 15 (2d Cir. 2017), regardless of his sentence in the prior case.

As for the nature and circumstances of the charged offenses, see 18 U.S.C. § 3142(g)(1), the court explained why they favored detention and did not clearly err in that finding.  Specifically, there was no clear error in the court's determination that the offenses involved deceptive and highly technical means.  Nor was there any clear error in the court's consideration of the timing of the offenses and the alleged involvement of funds subject to forfeiture in the prior case.

Regarding the weight of the evidence, see 18 U.S.C. § 3142(g)(2), the court did not clearly err in finding that the circumstantial evidence was strong.  Furthermore, even assuming that appellant has a potential defense to the charges, which he has not clearly shown, the other factors cited by the court support detention.

Finally, the court considered whether any condition or combination of conditions would reasonably ensure appellant's appearance, as required under the statute.  See id. § 3142(f).  The court did not clearly err in finding that release to a third party would not reasonably ensure appellant's appearance, given the court's findings concerning his access to substantial financial resources and his ability and willingness to defy the court.  Moreover, although appellant was released on an appearance bond in the prior case, the court did not clearly err in concluding that his release in the prior case did not require release here, as discussed above.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc.  See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**

FOR THE COURT:
Mark J. Langer, Clerk

BY: /s/
Daniel J. Reidy
Deputy Clerk

2